IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 9, 2005 Session

## STATE OF TENNESSEE v. DEON LARKINS

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2003-C-1895   J. Randall Wyatt, Jr., Judge**

_____

### No. M2004-02451-CCA-R3-CD - Filed October 12, 2005

_____

The appellant, Deon Larkins, was convicted by a jury of carjacking.  As a result, the trial court sentenced the appellant to twelve (12) years.  On appeal, the appellant argues: (1) that the trial court erred in denying his motion to suppress; (2) that the trial court erred in failing to sustain the objections regarding hearsay; (3) that the trial court erred in denying the motion to dismiss based on a false warrant; (4) that the trial court should have granted a mistrial because the jury made a statement that was unfairly prejudicial; (5) that the appellant's constitutional rights were violated because of a "second setting" of the jury after the first panel of jurors was dismissed; (6) that the trial court erred by not "bringing" a material witness to testify; (7) that the evidence was insufficient to support the appellant's conviction; and (8) the appellant's sentence is excessive.  After a thorough review of the evidence, we determine that a number of the appellant's first six (6) issues are waived for failure to prepare an adequate record for our review.  As to the remaining issues, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed

JERRY L. SMITH, J., delivered the opinion of the court, in which, DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Jonathan E. Richardson, Nashville, Tennessee, for the appellant, Deon Larkins.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Michael Rohling, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On May 14, 2003, Julia Hunter McGinnis, the victim, noticed a burgundy car with a broken back window in her neighborhood. She had not seen the car before even though she had lived in the neighborhood for ten (10) years.  Some time later that day, Ms. McGinnis drove her Lincoln

Navigator to the Walgreen's on the corner of Charlotte Pike and White Bridge Road. The Navigator was equipped with televisions, a stereo and Sprewell wheels that were valued at over $9,000. Ms. McGinnis's nephews Palo Talley and Tyrone Talley were passengers in the vehicle. As they traveled to Walgreen's, Ms. McGinnis drove behind the burgundy car. Ms. McGinnis was able to get a good look at the passenger in the vehicle at a stoplight while she was in the right turn lane and the burgundy car was in the left turn lane.

After arriving at Walgreen's, Ms. McGinnis and Palo Talley entered the store. Tyrone Talley remained in the vehicle. After a few minutes, two (2) men jumped into the front seat of the unlocked car, pointed a .9 mm gun at Tyrone Talley's head and ordered him to exit the vehicle. Tyrone Talley immediately ran into the store and reported that the Navigator had been stolen. Ms. McGinnis ran to the front of the store in time to see the back of her car crossing over the median at White Bridge Road headed toward the interstate.

Ms. McGinnis called the police. She noticed that the burgundy car was parked in the Walgreen's parking lot. Later that evening, Ms. McGinnis received a telephone call reporting that her car was at the residence of Linda Howard, the owner of the burgundy car. Ms. McGinnis and Tyrone Talley went to the address. The police entered the residence and brought out several people, including the appellant. Ms. McGinnis specifically identified the appellant "because the way he had his hair and all that." Tyrone Talley also identified the appellant as the carjacker.

Upon a search of the Lincoln Navigator, officers recovered a .9 mm Ruger 295DC semi-automatic pistol in the floor of the car.

On August 11, 2003, the appellant was indicted on one (1) count of carjacking in violation of Tennessee Code Annotated section 39-13-404. After a jury trial, the appellant was convicted of the indicted offense. The trial court sentenced the appellant to twelve (12) years. After the denial of a motion for new trial, the appellant filed a timely notice of appeal.

## Motion to Suppress

First, the appellant complains that the trial court erred in denying his motion to suppress. Specifically, the appellant claims that the show-up identification was overly suggestive and that the trial court erroneously denied the motion to suppress the victim's identification of the appellant. The State argues that the appellant has waived the issue for failure to include the transcript of the hearing on the motion to suppress. We agree.

The appellant has the obligation to ensure that the record on appeal is sufficient to allow meaningful review. State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993). Thus, the failure to include the transcript of a suppression hearing generally constitutes a waiver of the issue. See Tenn. R. App. P. 24(b); Thompson v. State, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997). When no transcript is included in the record, this Court must presume that the ruling of the trial court is correct. See Ballard, 855 S.W.2d at 560-61; State v. Taylor, 669 S.W.2d 694, 699 (Tenn. Crim. App.

1983). Because the record on appeal does not contain a transcript of the suppression hearing, the appellant has waived this issue.

## Hearsay Testimony

Next, the appellant claims that the trial court erred in failing to sustain the "objections of defense counsel as to the testimony regarding the absent Ericka House and others who made out of court statements for the truth as to the matter of the car jacking at issue herein." The State argues that the appellant has waived the issue for failure to make appropriate references to the record and cite authority for his argument.

In support of his argument, the appellant cites to pages 23, 24 and 25 in the trial transcript. Those portions of the transcript contain testimony by the victim, Ms. McGinnis, describing what she saw and did when she ran out of the Walgreen's store after she was informed that her vehicle was stolen. Later on in the transcript, Ms. McGinnis commented that she "received a phone call back stating that they may know where my truck is." At that point, the trial court cautioned Ms. McGinnis about hearsay, and the rest of her testimony focused on what she saw and did. We have been unable to locate any portion of the transcript where the State attempted to offer testimony about the statements of Ericka House.

As noted by the State, this Court requires that, on appeal, a defendant present an argument, make appropriate references to the record, and cite relevant legal authority in support of his or her argument. See Tenn. Ct. Crim. App. R. 10(b) (stating that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court"). Additionally, all Tennessee appellate level courts require the appellant's brief to contain an argument, citations to authorities, and appropriate references to the record. See Tenn. R. App. P. 27(a)(7) (requiring the brief of the appellant to contain "[a]n argument, . . . , setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on"). Failure to comply with these basic rules will ordinarily constitute a waiver of the issue. See Tenn. Ct. Crim. App. R. 10(b); State v. Thompson, 36 S.W.3d 102, 108 (Tenn. Crim. App. 2000).

In the present case, the appellant makes no citation to authority, save a one sentence recitation of the definition of hearsay and no citation to the record that corresponds to the bald allegations contained in his issue. Under these circumstances we decline to review this issue as it is presented. See State v. Keller, 813 S.W.2d 146, 150 (Tenn. Crim. App. 1991) (stating that "bald assertions unaccompanied by legal argument or citations to authorities are waived").

## False Warrants Claim

The appellant also argues that Ms. McGinnis and Tyrone Talley gave false statements "with the intent of misleading the Court to prosecute [the appellant]." Specifically, the appellant contends

that Ms. McGinnis gave differing descriptions of the appellant to the police, magistrate judge and to the court during the preliminary hearing. The State argues that the appellant has waived the issue.

At the beginning of the trial, defense counsel made an oral motion to dismiss based upon a claim that the prosecution was brought on a "false warrant." The trial court denied the motion, determining that the issuance of the indictment by the Grand Jury cured any defect that may have existed in the warrant.

On appeal, the appellant does not make any citations to the record that would substantiate his allegations. Again, the appellant has the duty to make citation to authority and appropriate references to the record. See Tenn. R. App. P. 27(a)(7). The appellant has waived this issue. Moreover, the trial court correctly noted that the indictment cured any issue that may have existed regarding probable cause. Jones v. State, 332 S.W.2d 662, 667 (Tenn. 1960).

## Jury Response to Question

The appellant claims that, in response to defense counsel's questions during voir dire, the jury "responded that the defendant had to have done something or else he would not be there in court." We have failed to find such response from the jury in the record on appeal. With no more than a bare assertion, we have no way of reviewing this claim on appeal. See Tenn. Ct. Crim. App. R. 10(b). This issue is waived.

## Impaneling of Multiple Juries

The appellant next contends that the trial court dismissed a jury panel "because a witness for the State did not come to court on the first setting." The appellant makes no reference to any part of the record in which this even allegedly occurred, and this Court can find no such dismissal in the record that was submitted on appeal. The only thing in the record remotely related to the jury occurred after the trial court noted the State's request for a continuance while defense counsel was questioning jurors during voir dire. Ms. McGinnis was ill and could not be in court, and the trial court stated that "the jury had not been impaneled and sworn, when the Court granted the State a continuance due to its material witness being too ill to be present in court." Again, the appellant has failed to prepare an adequate record for our review. See Tenn. Ct. Crim. App. R. 10(b). This issue is waived.

## Failure to Compel Lisa Howard's Attendance at Trial

In his sixth issue, the appellant complains that it was "plain and material error for this Court to decide not [sic] use its power and process to bring this material witness, Linda Howard, to testify on behalf of Defendant as she was subpoenaed for that purpose." The appellant makes no citations to the record and fails to cite any authority for this argument. This issue is waived.

-4-

## Sufficiency of the Evidence

The appellant contends that the weight of the evidence was against the verdict. The State counters that the record demonstrates that the evidence was legally sufficient to convict the appellant.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d at 779.

In the case herein, the appellant was convicted of carjacking. According to Tennessee Code Annotated section 39-13-404, "'Carjacking' is the intentional or knowing taking of a motor vehicle from the possession of another by use of: (1) A deadly weapon; or (2) Force or intimidation." Viewing the evidence in a light most favorable to the State, the evidence of the appellant's guilt was overwhelming. Ms. McGinnis saw the appellant in the burgundy car in her neighborhood. She later saw the appellant riding in the burgundy car while she was on the way to Walgreen's. Tyrone Talley was in the Navigator when the appellant jumped in the vehicle, pointed a .9 mm handgun at Mr. Talley's head and ordered him out of the car. Both Ms. McGinnis and Tyrone Talley were able to positively identify the appellant as the perpetrator. Based on these undisputed facts, the evidence was sufficient to convict the appellant of the crime as indicted.

## Sentencing

Lastly, the appellant claims that the enhancement of the appellant's sentence from eight (8) years to twelve (12) years violated his Sixth Amendment rights, citing Blakely v. Washington, 542 U.S. 296 (2004). The State counters that the appellant has waived the issue for failure to include the transcript of the sentencing hearing in the record on appeal. Alternatively, the State argues that the application of the enhancement factors was proper even if Blakely were applicable to the appellant's case.

While we acknowledge that there is no transcript of the sentencing hearing in the record on appeal, we choose to address the appellant's sentencing issue on the merits. Nevertheless, we determine that the issue has no merit. The Tennessee Supreme Court recently determined that Blakely did not announce a new rule of law and that "the Tennessee Criminal Sentencing Reform Act does not authorize a sentencing procedure which violated the Sixth Amendment right to jury trial." State v. Gomez, 163 S.W.3d 632, 651 (Tenn. 2005). In Gomez, the court determined that despite the ability of trial judges to set sentences above the presumptive sentence based on the finding of enhancement factors neither found by a jury nor admitted by a defendant, Tennessee's sentencing structure does not violate the Sixth Amendment and does not conflict with the holdings of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005), or United States v. FanFan, the case consolidated with Booker, because "[t]he Reform Act [of Tennessee] authorizes a discretionary, non-mandatory sentencing procedure and requires trial judges to consider the principles of sentencing and to engage in a qualitative analysis of enhancement and mitigating factors . . . all of which serve to guide trial judges in exercising their discretion to select an appropriate sentence within the range set by the Legislature." Gomez, 163 S.W.3d at 661. As a result of the decision in Gomez, the appellant's issue is without merit.

### Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE